In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00008-CV


______________________________




CLINTON LEE YOUNG, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 276th Judicial District Court


Marion County, Texas


Trial Court No. 0200230




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Clinton Lee Young appeals from an order denying his petition for bill of review. The record
was timely filed, and Young's brief was originally due on March 5, 2003. Young has neither filed
his brief nor provided this Court with a reasonable explanation for his failure to do so. On March
18, 2003, we wrote Young's counsel, directing him to file his brief within fifteen days, on or before
April 2, 2003. We warned him that, if his brief was not filed as directed by this Court, the appeal
would be subject to dismissal for want of prosecution. See Tex. R. App. P. 38.8(a)(1), 42.3. Counsel
has not contacted this Court, nor filed his appellate brief. 

 We dismiss the appeal for want of prosecution.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: April 16, 2003

Date Decided: April 17, 2003






160;              

On Appeal from the 62nd Judicial District Court
Lamar County, Texas
Trial Court No. 71870


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Stephen Kenneth Yarbrough appealed the trial court's order directing him to pay child
support for his three children, Virgil Leonard Yarbrough (born November 25, 1985), Stephen Keith
Yarbrough (born July 11, 1989), and Daniel Boone Yarbrough (born November 21, 1992). The
record in the appeal was complete on April 23, 2004, making Stephen's brief due by May 23, 2004.
            On May 26, 2004, we received a two-page document that we interpreted as being Stephen's
pro se attempt at an appellate brief. The brief was defective in several respects. In a letter dated the
same day, we specifically noted those defects, including the brief's failure to "contain 'a clear and
concise argument for the contentions made, with appropriate citations to authorities and to the
record.'" See Tex. R. App. P. 38.1(h). We gave Stephen until Monday, June 7, 2004, to submit a
brief that corrected these errors.
            On June 10, 2004, we received a one-page document that we interpreted as being Stephen's
second attempt at an appellate brief. Like his earlier attempt, this second brief fails to "contain 'a
clear and concise argument for the contentions made, with appropriate citations to authorities and
to the record.'" See Tex. R. App. P. 38.1(h). If an appellate court determines that the requirements
for briefs, as outlined in the Texas Rules of Appellate Procedure, have not been met, the court "may
require a brief to be amended, supplemented, or redrawn." If the same party attempts to file another
brief that violates the Texas Rules of Appellate Procedure in the same manner as the earlier brief,
"the court may strike the brief, prohibit the party from filing another, and proceed as if the party had
failed to file a brief." Tex. R. App. P. 38.9(a). 
            In this case, Stephen has twice submitted a brief that fails to contain "a clear and concise
argument for the contentions made, with appropriate citations to authorities and to the record." 
Accordingly, we strike Stephen's second brief, we order that he be prohibited from filing another
brief, and we proceed with the case as if Stephen had failed to file a brief. See id.   
            If an appellant fails to timely file a brief in compliance with the Texas Rules of Appellate
Procedure, after having been given multiple opportunities to so do, the appellate court may dismiss
the appeal for want of prosecution. Tex. R. App. P. 38.8(a) (failure of the appellant to file a brief in
civil cases). In this case, Stephen has failed to timely submit his brief in compliance with the Texas
Rules of Appellate Procedure, despite having been given two opportunities to do so. 
            In both attempts at a brief, Stephen contends the trial court erred by ordering him to pay child
support for Virgil because the child had already turned eighteen. A trial court may order one or both
parents to support a child "until the child is 18 years of age or until graduation from high school,
whichever occurs later; . . . ." Tex. Fam. Code Ann. § 154.001(a) (Vernon 2002). During her
testimony before the trial court, Linda informed the trial court that the three children were currently
living with her. Linda also told the trial court that the children were currently in school. Thus, the
record supports the trial court's decision to include Virgil in determining its award of child support,
because the child had not yet graduated. 
We dismiss the case for want of prosecution.
 
 
                                                                        Jack Carter
                                                                        Justice

Date Submitted:          June 29, 2004
Date Decided:             June 30, 2004